UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>  v.<br><br>NARADA JOSEPH ROBERTS,<br><br>  Defendant. | CASE NO. 2:23-cr-00088-TL<br><br>ORDER ON MOTION TO AMEND DETENTION ORDER |

This matter comes before the Court on Defendant Narada Roberts's Motion to Amend Detention Order (Dkt. No. 16), appealing the June 9, 2023, detention order (Dkt. No. 12). Having conducted a *de novo* review and considered the Indictment (Dkt. No. 1), the Pretrial Report (Dkt. No. 5), the Government's motion for detention (Dkt. No. 11), the Government's response to Mr. Roberts's motion (Dkt. No. 19), and the relevant record, the Court finds oral argument unnecessary and DENIES the motion.

## I. BACKGROUND

Mr. Roberts faces a charge related to firearm possession. On May 31, 2023, a grand jury indicted Mr. Roberts on one count of Unlawful Possession of a Firearm and Ammunition, 18 U.S.C. § 922(g)(1). *See* Dkt. No. 1. The charge concerns the recovery of two firearms and 69 rounds of ammunition during a search of his residence by the Washington State Department of Corrections ("DOC"), which supervises Mr. Roberts as part of his sentence for a murder conviction. *Id*. at 1–2; Dkt. No. 5 at 2.

The Government moved for detention, arguing that Mr. Roberts should be detained to ensure both his appearance as required and the safety of any other person and the community. Dkt. No. 11 at 2; *see* Dkt. No. 11-1 (memorandum in support of motion). Pretrial Services filed a report recommending that Mr. Roberts be detained. Dkt. No. 5 at 9. On June 9, the magistrate judge conducted a detention hearing and ordered that Mr. Roberts be detained on the basis of safety only. *See* Dkt. No. 12.

Mr. Roberts now appeals the detention order and seeks his release pending trial "to his mother's residence," with "appropriate conditions." Dkt. No. 16 at 1, 8; 18 U.S.C. § 3145(b). The Government opposes. *See* Dkt. No. 19.

## II. LEGAL STANDARD

**A.   Standard of Review**

A person who is ordered detained by a magistrate judge "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). A district court reviews the detention order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1191–93 (9th Cir. 1990).

**B.    Detention Standard**

The Bail Reform Act (the "Act"), 18 U.S.C. § 3141, *et seq*., requires that a court release a criminal defendant on personal recognizance or on an unsecured appearance bond before trial unless there is a determination that such release "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). This default requirement is in accord with the principle that "[i]n our society, liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Ninth Circuit cautions that "[o]nly in rare cases should release be denied." *United States v. Santos–Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)). Further, "doubts regarding the propriety of release are to be resolved in favor of the defendant." *Id.* If a court determines that such release will not reasonably assure the defendant's appearance and the safety of the community, the court must impose "the least restrictive further condition, or combination of conditions," that will reasonably assure these goals. 18 U.S.C. § 3142(c)(1)(B). The Act only requires detention where a court finds that no such condition or combination of conditions can do so. 18 U.S.C. § 3142(e)(1).

If the Government moves for detention pursuant to 18 U.S.C. § 3142(f) and a defendant is eligible for a detention hearing,[1] then the court must determine whether there are conditions of release that reasonably assure two goals: "the appearance of the defendant as required" and "the safety of any other person and the community." 18 U.S.C. § 3142(g). In making this determination, a court considers the following factors: (1) the nature and circumstances of the

---

[1] Here, in its motion for detention, the Government asserts that Mr. Roberts is eligible for a detention hearing "because this case involves . . . [a] felony offense, other than a crime of violence, involving possession or use of a firearm, destructive device (as those terms are defined in 18 U.S.C. § 921), or any other dangerous weapon." Dkt. No. 11 at 1–2; *see* Dkt. No. 11-1 at 2–4; 18 U.S.C. § 3142(f)(1)(E). Mr. Roberts does not contest his eligibility.

Order on Motion to
Amend Detention Order - 3

offense charged, including whether the offense falls into certain enumerated categories; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *Id*.

To obtain pretrial detention, the government bears the burden of showing by a preponderance of the evidence that there are no conditions that will reasonably assure the defendant's appearance as required, and by clear and convincing evidence that there are no conditions that will reasonably assure the safety of any other person and the community. *See* 18 U.S.C. § 3142(e)(1); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

### III.   DISCUSSION

As an initial matter, the magistrate judge concluded that Mr. Roberts does not pose a risk of flight and based the detention order only on safety grounds. *See* Dkt. No. 16-1 at 16 (15:24–25) (transcript of detention hearing); Dkt. No. 12 at 1. Neither Mr. Roberts (understandably) nor the Government seeks to relitigate the issue of nonappearance. *See* Dkt. Nos. 16, 19. Therefore, the Court considers the factors enumerated in 18 U.S.C. § 3142(g) to determine only if there are conditions that would reasonably assure the safety of any other person and the community.

A.   **Nature and Seriousness of the Offense Charged**

This factor instructs the Court to examine the nature and circumstances of the offense charged, including whether the offense involves a "firearm," among other enumerated categories. 18 U.S.C. § 3142(g)(1). Mr. Roberts is charged with the unlawful possession of two firearms and numerous rounds of ammunition. Dkt. No. 1 at 1–2; Dkt. No. 19 at 7. He is charged with simple

ORDER ON MOTION TO
AMEND DETENTION ORDER - 4

possession of the firearms, not their use or threatened use, and the Government reports to Pretrial Services that the firearms "appear to have been purchased" by Mr. Roberts's girlfriend, who lives with him. Dkt. No. 5 at 2. Still, the firearms were found in his residence in violation of the conditions of his state-level supervision for a prior murder conviction. *Id.* If convicted, Mr. Roberts faces up to 15 years of imprisonment, among other penalties. 18 U.S.C. § 924(a)(8); Dkt. No. 16-1 at 5 (4:22–25).

Therefore, the Court finds that the nature and seriousness of the offense charged weighs in favor of detention.

**B.    Weight of the Evidence**

The Government describes the weight of the evidence as "considerable." Dkt. No. 19 at 7. Ammunition was found in a safe that Mr. Roberts opened with a key in his possession. *Id.* at 2. One firearm[2] was found in the living area of the residence in a backpack that contained paystubs and mail with Mr. Roberts's name on them. *Id.*; *see also* Dkt. No. 16 ¶ 7. A further search of Mr. Roberts's residence uncovered a second firearm and more ammunition. Dkt. No. 19 at 3. The Government alleges that, at a DOC hearing on the alleged violations of his supervision, Mr. Roberts admitted to all violations, including possession of the firearms and ammunition.[3] *Id.*

Despite all the evidence the Government has and may ultimately bring to bear in this case, Mr. Roberts is presumed innocent before trial, and nothing in the Court's analysis may be construed as modifying or limiting that presumption. 18 U.S.C. § 3142(j). Further, the Ninth Circuit has repeatedly declared that the weight of the evidence is the least important factor, and

---

[2] The Government makes inconsistent statements about whether the gun in the backpack was loaded. In the background section of its response, the Government states that there was no round in the gun. Dkt. No. 19 at 3. However, in the argument section, the Government states that "a loaded semi-automatic firearm" was found in the backpack. *Id.* at 7.

[3] Mr. Roberts asserts he only admitted to having access to the weapons and ammunition, not that he possessed them. Dkt. No. 16 ¶ 8.

ORDER ON MOTION TO
AMEND DETENTION ORDER - 5

the statute neither requires nor permits a pretrial determination of guilt. *Gebro*, 948 F.2d at 1121; *see also United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986); *Motamedi*, 767 F.2d at 1408.

Therefore, while the Court finds that the weight of the evidence weighs in favor of detention, it treats this factor as the least important.

**C.     The History and Characteristics of Mr. Roberts**

This factor presents a mixed picture. Mr. Roberts was born in Seattle and is a lifetime resident of Washington State. Dkt. No. 5 at 2. His mother and siblings also reside in the state.[4] *Id*. He is the father of a young child, six months old at the time of arraignment. *Id*. Mr. Roberts also reports employment history, albeit one that is somewhat inconclusive and sporadic. *Id*. at 3. By all accounts, he is in good physical and mental condition, and he does not have a history of drug or alcohol abuse. *Id*. at 3–4. Prior to the instant matter, Mr. Roberts was under DOC supervision for two-and-a-half years, apparently without incident. Dkt. No. 16 ¶ 13.

Still, other information gives the Court pause. Mr. Roberts carries a lengthy criminal history. Dkt. No. 5 at 4–7. The Court is mindful that almost all the offenses occurred when Mr. Roberts was a juvenile, beginning when he was just 11 years old. But that history includes multiple instances of harassment, felony assault, and murder, the latter of which involved Mr. Roberts beating the victim with his fists before one of his co-defendants shot and killed the person when Mr. Roberts was 18 years old. Dkt. No. 19 at 8; *see* Dkt. No. 16-2 (plea statement). This history makes the comments he made in a jail call vey concerning for the Court. *See infra*, Section III.D.

---

[4] Mr. Roberts's mother, two brothers, sister, and girlfriend were present at the arraignment, as did a friend. Dkt. No. 16-1 at 7 (6:14–22).

ORDER ON MOTION TO
AMEND DETENTION ORDER - 6

1     Further, Pretrial Services reports that in a jail call to his girlfriend on May 12,
2  Mr. Roberts stated that, when released, he would go to his mother's residence (as he suggests
3  now) but then "claim he is homeless to avoid officer's [*sic*] searching his property," evincing
4  intent to undermine efforts to supervise him. Dkt. No. 5 at 7. In addition, some information he
5  provided to Pretrial Services contradicts other information provided by his mother. For example,
6  Mr. Roberts claimed he was living with his mother before his arrest, while his mother stated he
7  had not been living with her but rather with his girlfriend. *Id.* at 2. Mr. Roberts minimizes this as
8  a "misunderstanding." Dkt. No. 16 ¶ 15. Yet Mr. Roberts also reported paying his mother $500
9  per month in rent, while his mother stated he was not paying her any money in rent as he was not
10 living with her. Dkt. No. 5 at 3.

11    Considering all these facts, the Court finds the history and characteristics of Mr. Roberts
12 to be neutral, weighing neither in favor of nor against release.

13 **D.    Danger to Any Person or the Community**

14    This factor creates the Court's greatest concern and is ultimately dispositive. Pretrial
15 Services recommends that Mr. Roberts be detained. Dkt. No. 5 at 9. It also reports that during the
16 same jail call mentioned above, Mr. Roberts referenced a particular DOC officer and stated, "I
17 ain't trippin I got something for they ass when I get out though. I got something for them n*ggas
18 man. They are not gonna like me imma be a lil more difficult." *Id.* at 7. On the same day,
19 Mr. Roberts stated, "[T]his (mark?) ass n*gga don't give a fuck (referencing [the DOC officer])
20 I'm on his ass. Imma nail him when I get out of here," and, as reported by Pretrial, "stated that he
21 wished he could have let his dog out to bite officers." *Id*. Finally, five days later, Mr. Roberts
22 stated, "[W]hen I get to the DOC office oh boy, they gon get the wrath." *Id*. As a result of these
23 statements, Mr. Roberts was reassigned to a different DOC field office and prohibited from
24

ORDER ON MOTION TO
AMEND DETENTION ORDER - 7

residing at his prior residence. *Id*. DOC considers Mr. Roberts "a threat to DOC officers," and a safety plan was implemented to mitigate risk to the threatened officer. *Id*.

These statements are deeply troubling and unacceptable. By way of explanation, Mr. Roberts told the magistrate judge that his "whole conversations" were "taken out of context." Dkt. No. 16-1 at 13 (12:14–16). And in his motion, Mr. Roberts maintains that the magistrate judge "put too much weight on isolated statements he allegedly made while venting to his girlfriend." Dkt. No. 16 ¶ 14. But the statements are not viewed in isolation: they are viewed in light of the § 3142(g) factors, including Mr. Roberts's history of harassment and assault, the current charge, and his admission that he has access to weapons and ammunition (*see* Dkt. No. 16 ¶ 8). Viewed in that light, they suggest intent to harm a particular individual—and the ability to act on that intent. Mr. Roberts has not provided any "context" that justifies these statements. The Court cannot ignore the significant evidence of a specific danger presented here.

Therefore, the Court finds that consideration of danger to any person or the community weighs in favor of detention.

For the reasons explained above, the Court finds that the Government has met its burden by clear and convincing evidence that there is no combination of conditions of release that will reasonably assure the safety of any other person and the community.

### IV. CONCLUSION

Accordingly, the Court DENIES Mr. Roberts's Motion to Amend Detention Order (Dkt. No. 16).

Dated this 11th day of July 2023.

Tana Lin
United States District Judge